UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 15 – 04548 – MCF |
| **LUIS MANUEL RUIZ RUIZ** | CHAPTER 12 |
| XXX – XX – 6937 | |
| Debtor | |

**JOINT URGENT MOTION REQUESTING ENTRY OF ORDER TO SELL PROPERTY, 20,000 LITERS/QUARTS OF MILK QUOTA OUTSIDE THE ORDINARY COURSE OF BUSINESS**

**TO THE HONORABLE COURT**:

COME NOW the Debtor, LUIS MANUEL RUIZ RUIZ, and Secured Creditor ACM CCSC OB VII (CAYMAN) ASSET COMPANY (from here on "ACM") through their counsels of record, and very respectfully set forth and prays:

1. On June 16, 2015, the Debtor, LUIS MANUEL RUIZ RUIZ, filed a voluntary petition for relief under the provisions of 11 U.S.C. §1201 et. seq. numbered 15-04548-MCF12.

2. When the Debtor, Luis M Ruiz Ruiz, filed this Bankruptcy Case he owned a total amount of Milk Quota of 63,321 liters/quarts that were assigned to license 3087[1] in the Office for

---

[1] Debtor no longer has a "current" or "in use" license from ORIL. The Debtor was subject to an Administrative Proceeding in ORIL and the license 3087 was revoked in case 18-018 in ORIL.

the Regulation of the Dairy Industry (ORIL). The Debtor currently owns 56,321 liters/quarts of Milk Quota that have a First Rank lien with ACM CCSC OB VII (CAYMAN) ASSET COMPANY.[2]

3. The Debtor no longer operates a Dairy Farm under ORIL's license 3087 and therefore he was ordered by the Bankruptcy Court to sell his Milk Quota. On March 25, 2021, the Bankruptcy Court ordered the Debtor to sell the complete Milk Quota he owns pursuant to 11 USC 363. See Order at Docket No. 198 of Case No. 15-04548-MCF12.

4. Pursuant to said Order at Docket No. 198 of Case No. 15-04548-MCF12, the Debtor and creditor, ACM file this Joint Motion to Sell 20,000 Liters/Quarts pursuant to 11 U.S.C. 363. The Milk Quota to be sold is 20,000 liters/quarts of Milk Quota, which leaves the amount of 36,321 liter/quarts of Milk Quota pending to be sold. These 36,321 liters/quarts of Milk Quota are encumbered by secured creditor, ACM CCSC OB VII (CAYMAN) ASSET COMPANY's first rank lien.

5. Pursuant to the Order of the Court dated March 25, 2021, these 20,000 liters/quarts have a first rank lien with secured creditor ACM and the complete proceeds of the sale will be delivered to ACM. The milk quota is being sold at a price substantially below the amounts due to ACM for its first rank lien.

### SALE OF PROPERTY OUTSIDE THE ORDINARY COURSE OF BUSINESS

6. The Debtor, LUIS MANUEL RUIZ RUIZ, will sell the total amount of 20,000 liters/quarts of Milk Quota from ORIL's License 3087 pursuant to the following:

---

[2] ACM CCSC OB VII (CAYMAN) ASSET COMPANY is a succesor of former creditor, Oriental Bank, who filed claims 11, 12 and 13 of case 15-04548-MCF12. ACM CCSC OB VII (CAYMAN) ASSET COMPANY filed Transfers of Claims from Oriental Bank to themselves, on March 10, 2020 in Dockets No. 155, 156 and 157 of Case No. 15-04548-MCF12.

    A. The amount of 20,000 out of the 56,321 liters/quarts that have a first rank lien with secured creditor, ACM CCSC OB VII (CAYMAN) ASSET COMPANY will be sold. This will leave 36,321 in license 3087 that still have to be sold.

    B. The buyer is, Idelfonso Montijo González and Laurie González de Jesús, both of legal age and legally married. They have a license from ORIL numbered 2283 with 40,128 liters/quarts of milk quota. After this purchase they will own a total quota of 60,128 liters/quarts of milk quota.  With the following address: Sabana Grande Ward, Rd. 611, Km. 4.9 in Utuado PR

    C. The price per liter/quart of Milk Quota is $7.00 for a total sales price of $140,000

7. These 20,000 liters have a lien from ACM CCSC OB VII (CAYMAN) ASSET COMPANY and with the approval of this Joint Motion, the same are to be sold free and clear of liens. The Order approving this Motion constitutes a release of this 20,000 liters/quarts to be sold, subject to the sale being executed accordingly and the funds being delivered in a cashier's or manager's check to ACM.

## APPLICABLE LAW

8. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1). A Chapter 11 Debtor is given these rights by Section 1107 of the Bankruptcy Code. In addition, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. 105(a).

9. Pursuant to Section 363(f) of the Bankruptcy Code, a debtor may sell property under Section 363(b) of the Bankruptcy Code free and clear of liens, claims and encumbrances if

one of the following conditions is satisfied: (a) applicable non-bankruptcy law permits the sale of the property free and clear of such interest; (b) the entity holding the lien, claim or encumbrance consents to the sale; (c) where the interest is a lien, the price at which such property is to be sold is greater than the aggregate value of all liens thereon; (d) the interest is in bona fide dispute; or (e) the entity could be compelled, in a legal or equitable proceeding, to accept a monetary satisfaction of its interest. See 11 U.S.C. § 363 (f).

10. Therefore, in a sale of assets pursuant to Section 363(b) the debtor must meet one of the five requirements established under 363(f) in order for the same to be approved.

11. Courts have held that approval of a proposed sale of property pursuant to Section 363(b) is appropriate if the record reveals a "good business reason" for approval of the proposed sale. See *In re. Old Cold LLC*, 879 F.3d 376, 383 (1st Cir. 2018). Also see *In re. Eldercare*, 390 B.R. 762, 770 (Bankr. D. Conn. 2008); *In re. Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D. Del. 1987) (stating that the elements necessary for approval of a Section 363 sale in a Chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith").

12. Additionally, pursuant to Section 363(m) of the Bankruptcy Code, a good faith purchaser is one who purchases assets for value, in good faith, and without notice of adverse claims. See In re. *Mark Bell Furniture Warehouse, Inc*., 992 F.2d 7, 8 (1st Cir. 1993). The good faith requirement is related to the integrity of the purchaser's conduct in the course of the sale proceedings. See *In re. Rock Industries Machinery Corp.*, 572 F.2d 1198 (7th Cir. 1978).

13. "First, and true to its name, a good faith purchaser must act in good faith. This means that the party must purchase without fraud, misconduct, or collusion, and must not take

'grossly unfair' advantage of other bidders." *In re. Old Cold LLC*, 879 F.3d 376, 384 (1st Cir. 2018) (internal citations omitted).

14. The proposed sale to Idelfonso Montijo González and Laurie González de Jesús, complies with each of the requirements for the Court to approve the proposed sale. The Debtor is selling at current market price of $7.00 per liter and is selling to a *bonafide* purchaser who has no familiar ties with him.

15. The Debtor certifies that the has no interest in purchaser's business and that he has no personal or familiar relationship with the purchaser.

16. The parties in this Joint Motion, request that the Court determines that Idelfonso Montijo González and Laurie González de Jesús are "good faith" purchaser within the purview of Section 363(m) of the Bankruptcy Code, as the Sale Motion was negotiated at arm's-length between it and the Debtor. Further, the sale is in the best interest of the bankruptcy estate.

17. In compliance with PR LBR 6004-1, the Parties submit the following terms of the sale:

    a. Purchaser or Transferee: Idelfonso Montijo González and Laurie González de Jesús

    b. Property to be sold: 20,000 liters/quarts of Milk Quota

    c. Sales Price: $140,000.00

    d. Closing Date: Within 15 days after the Court's approval of the sale.

    e. The funds from the sale ($140,000.00) will be delivered to ACM CCSC OB VII (CAYMAN) ASSET COMPRANY, the secured creditor with a first rank lien over these liters of Milk Quota.

18. All closing costs associated with this transaction shall be paid by the Purchaser.

**URGENT MOTION REQUEST AND SHORTEN OF OBJECTION PERIOD**

19. The Debtor already has an Order from the Court, dated March 25, 2021, that orders him to sell the Milk Quota.

20. There is only one (1) creditor that holds a lien over these 20,000 liters quarts of Milk Quota and this creditor is appearing in this Joint Motion consenting to the sale. The creditor is accepting the proceeds of the sale as payment in order to release the 20,000 liters/quarts of Milk Quota.

21. For all the reasons stated in this Motion and according to FRBP 9006 the Debtor and Creditor, request that this Motion be approved in an expedited manner since there are no other interested parties with liens or interest in the present sale.

**REPORT OF SALE**: The Debtor in Possession shall file with the Court a Report of Sale, of any sale of property of the estate outside the ordinary course of business. The report shall be filed within TEN (10) days after the sale.

**WHEREFORE**, the Debtor, Luis M Ruiz and Secured Creditor, ACM CCSC OB VII (CAYMAN) ASSET COMPRANY very respectfully request that this Honorable Court takes notice of the proposed sale as detailed above, free and clear of liens and encumbrances, pursuant to the terms and conditions detailed above, and that it issues and order authorizing this sale.

**RESPECTFULLY SUBMITTED**

In Mayaguez, Puerto Rico this May 25, 2022

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY**: that on this date I electronically filed the above document with the Clerk of the court using the CM/ECF System which sends notification of such filing to United States Trustee and to all registered participants, and by mail to all creditors who do not receive electronic notice as per attached master address list.

| | **Debtor Attorney** |
|---|---|
| Attorney for Creditor,<br>ACM CCSC OB VII (CAYMAN) ASSET COMPANY<br>**MCD LAW LLC**<br><br>**/S/ Cristina A Fernández Rodríguez, Esq.**<br>**USDC – PR USDC-PR 219611**<br><br>416 Ave Ponce de Leon<br>Union Plaza Suite 1002<br>San Juan, PR 00919-1732<br>Telephone: (787) 200 - 7876<br>Email: caf@mcdlawllc.com | /s/ **Homel Mercado Justiniano, Esq.**<br>**USDC- PR - 229705**<br>Calle Ramírez Silva# 8<br>Ensanche Martínez<br>Mayagüez, PR 00680-4714<br>Tel: (787) 831-3577 & 805-2945<br>Fax: (787) 805-7350<br>Email: hmjlaw2@gmail.com |