# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 15 – 04548 – MCF |
| **LUIS MANUEL RUIZ RUIZ** | CHAPTER 12 |
| XXX – XX – 6937 | |
| Debtor | |

## URGENT MOTION REQUESTING ENTRY OF ORDER TO SELL PROPERTY, 36,321 LITERS/QUARTS OF MILK QUOTA OUTSIDE THE ORDINARY COURSE OF BUSINESS

**TO THE HONORABLE COURT**:

COME NOW the Debtor, LUIS MANUEL RUIZ RUIZ, and Secured Creditor ACM CCSC OB VII (CAYMAN) ASSET COMPANY (from here on "ACM") through their counsels of record, and very respectfully set forth and prays:

1. On June 16, 2015, the Debtor, LUIS MANUEL RUIZ RUIZ, filed a voluntary petition for relief under the provisions of 11 U.S.C. §1201 et. seq. numbered 15-04548-MCF12.

2. When the Debtor, Luis M Ruiz Ruiz, filed this Bankruptcy Case he owned a total amount of Milk Quota of 63,321 liters/quarts that were assigned to license 3087[1] in the Office for the Regulation of the Dairy Industry (ORIL). The Debtor currently owns 36,321

---

[1] Debtor no longer has a "current" or "in use" license from ORIL. The Debtor was subject to an Administrative Proceeding in ORIL and the license 3087 was revoked in case 18-018 in ORIL.

liters/quarts of Milk Quota that have a First Rank lien with ACM CCSC OB VII (CAYMAN) ASSET COMPANY.[2]

3. The Debtor no longer operates a Dairy Farm under ORIL's license 3087 and therefore he was ordered by the Bankruptcy Court to sell his Milk Quota.

4. Pursuant to said Order at Docket No. 198 of Case No. 15-04548-MCF12, the Debtor files this motion to sell the remaining 36,321 Liters/Quarts he owns pursuant to 11 U.S.C. 363. The Milk Quota to be sold is 36,321 liters/quarts of Milk Quota, which equals the total amount of quota that remains in former license 3087. These 36,321 liters/quarts of Milk Quota are encumbered by secured creditor, ACM CCSC OB VII (CAYMAN) ASSET COMPANY's first rank lien.

5. Pursuant to the Order of the Court dated March 25, 2021, these 36,321 liters/quarts have a first rank lien with secured creditor ACM and the complete proceeds of the sale will be delivered to ACM. The milk quota is being sold at a price substantially below the amounts due to ACM for its first rank lien and there is no equity in the milk quota.

**SALE OF PROPERTY OUTSIDE THE ORDINARY COURSE OF BUSINESS**

6. The Debtor, LUIS MANUEL RUIZ RUIZ, will sell the total amount of 36,321 liters/quarts of Milk Quota from ORIL's License 3087 pursuant to the following:

    A. The amount of 36,321 liters/quarts that has a first rank lien with secured creditor, ACM CCSC OB VII (CAYMAN) ASSET COMPANY will be sold. This is the total liters of milk quota left in ORIL's license 3087.

---

[2] ACM CCSC OB VII (CAYMAN) ASSET COMPANY is a succesor of former creditor, Oriental Bank, who filed claims 11, 12 and 13 of case 15-04548-MCF12. ACM CCSC OB VII (CAYMAN) ASSET COMPANY filed Transfers of Claims from Oriental Bank to themselves, on March 10, 2020 in Dockets No. 155, 156 and 157 of Case No. 15-04548-MCF12.

    B. The buyer is, TEODORO F ALFONZO DAIRY INC. a corporation organized under the laws of the Commonwealth of Puerto Rico. Said Corporation is a "dairy farmer" with license registered in ORIL, license 3366. Said corporation is represented by Teodoro Felipe Alfonzo Toledo (President). The postal address is 220 Urb. Haciendas de Camuy, Camuy PR 00627.

    C. The price per liter/quart of Milk Quota is $2.00 for a total sales price of $72,642.00.

7. These 36,321 liters have a lien from ACM CCSC OB VII (CAYMAN) ASSET COMPANY and with the approval of this Motion, the same are to be sold free and clear of liens. The Order approving this Motion constitutes a release of these 36,321 liters/quarts to be sold, subject to the sale being executed accordingly and the funds being delivered in a cashier's or manager's check to ACM.

## APPLICABLE LAW

8. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1). A Chapter 11 Debtor is given these rights by Section 1107 of the Bankruptcy Code. In addition, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. 105(a).

9. Pursuant to Section 363(f) of the Bankruptcy Code, a Debtor may sell property under Section 363(b) of the Bankruptcy Code free and clear of liens, claims and encumbrances if one of the following conditions is satisfied: (a) applicable non-bankruptcy law permits the sale of the property free and clear of such interest; (b) the entity holding the lien, claim or encumbrance consents to the sale; (c) where the interest is a lien, the price at which such

property is to be sold is greater than the aggregate value of all liens thereon; (d) the interest is in bona fide dispute; or (e) the entity could be compelled, in a legal or equitable proceeding, to accept a monetary satisfaction of its interest. See 11 U.S.C. § 363 (f).

10. Therefore, in a sale of assets pursuant to Section 363(b) the debtor must meet one of the five requirements established under 363(f) in order for the same to be approved.

11. Courts have held that approval of a proposed sale of property pursuant to Section 363(b) is appropriate if the record reveals a "good business reason" for approval of the proposed sale. See *In re. Old Cold LLC*, 879 F.3d 376, 383 (1st Cir. 2018). Also see *In re. Eldercare*, 390 B.R. 762, 770 (Bankr. D. Conn. 2008); *In re. Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D. Del. 1987) (stating that the elements necessary for approval of a Section 363 sale in a Chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith").

12. Additionally, pursuant to Section 363(m) of the Bankruptcy Code, a good faith purchaser is one who purchases assets for value, in good faith, and without notice of adverse claims. See In re. *Mark Bell Furniture Warehouse, Inc*., 992 F.2d 7, 8 (1st Cir. 1993). The good faith requirement is related to the integrity of the purchaser's conduct in the course of the sale proceedings. See *In re. Rock Industries Machinery Corp.*, 572 F.2d 1198 (7th Cir. 1978).

13. "First, and true to its name, a good faith purchaser must act in good faith. This means that the party must purchase without fraud, misconduct, or collusion, and must not take 'grossly unfair' advantage of other bidders." *In re. Old Cold LLC*, 879 F.3d 376, 384 (1st Cir. 2018) (internal citations omitted).

14. The proposed sale to Teodoro F Alfonso Dairy Inc., complies with each of the requirements for the Court to approve the proposed sale. The Debtor is selling at the current market price of $2.00 per liter and is selling to a *bonafide* purchaser who has no familiar ties with him.

15. The Debtor certifies that has no interest in the purchaser's business and that he has no personal or familiar relationship with the purchaser.

16. The Debtor, requests that the Court determines that Teodoro F Alfonso Dairy Inc., is a "good faith" purchaser within the purview of Section 363(m) of the Bankruptcy Code, as the Sale Motion was negotiated at arm's-length between it and the Debtor. Further, the sale is in the best interest of the bankruptcy estate.

17. In compliance with PR LBR 6004-1, the Parties submit the following terms of the sale:

    a. Purchaser or Transferee: Teodoro F Alfonso Dairy Inc.,
    b. Property to be sold: 36,321 liters/quarts of Milk Quota
    c. Sales Price: $72,642.00
    d. Closing Date: Within 15 days after the Court's approval of the sale.
    e. The funds from the sale ($72,642.00) will be delivered to ACM CCSC OB VII (CAYMAN) ASSET COMPRANY, the secured creditor with a first rank lien over these liters of Milk Quota.

18. All closing costs associated with this transaction shall be paid by the Purchaser.

**URGENT MOTION REQUEST AND SHORTEN OF OBJECTION PERIOD**

19. The Debtor already has an Order from the Court, dated March 25, 2021, that orders him to sell the Milk Quota.

20. There is only one (1) creditor that holds a lien over these 36,321 liters quarts of Milk Quota and this creditor has accepted the sales price. The creditor is accepting the proceeds of the sale as payment in order to release the 36,321 liters/quarts of Milk Quota.

21. For all the reasons stated in this Motion and according to FRBP 9006 the Debtor, requests that this Motion be approved in an expedited manner since there are no other interested parties with liens or interest in the present sale.

**REPORT OF SALE**: The Debtor in Possession shall file with the Court a Report of Sale, of any sale of property of the estate outside the ordinary course of business. The report shall be filed within TEN (10) days after the sale.

**WHEREFORE**, the Debtor, Luis M Ruiz very respectfully requests that this Honorable Court takes notice of the proposed sale as detailed above, free and clear of liens and encumbrances, pursuant to the terms and conditions detailed above, and that it issues and order authorizing this sale.

**RESPECTFULLY SUBMITTED**

In Mayaguez, Puerto Rico this February 20, 2024

**NOTICE**

**To parties in interest that: within fourteen (14) DAYS after service as evidence by the Certification, and an ADDITIONAL THREE (3) DAYS pursuant to Fed.R.Bank.P. 9006(f) if you were served by mail, any party against whom this Application has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to the Application with the Clerk's Office of the U. S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed**

**within the time allowed herein, the Application will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**: that on this date I electronically filed the above document with the Clerk of the court using the CM/ECF System which sends notification of such filing to United States Trustee and to all registered participants, and by mail to all creditors who do not receive electronic notice as per attached master address list.

**Debtor Attorney**

**/s/ Homel Mercado Justiniano, Esq.**
**USDC- PR - 229705**
Calle Ramírez Silva# 8
Ensanche Martínez
Mayagüez, PR 00680-4714
Tel: (787) 831-3577 & 805-2945
Fax: (787) 805-7350
Email: hmjlaw2@gmail.com